IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: | ) |
| | ) |
| GRISHAM FARM PRODUCTS, INC., | ) Case No: 16-61149 |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) |
| | ) |

### DEBTOR'S AMENDED LOCAL RULE 2015-2A STATEMENT

COMES NOW Debtor Grisham Farm Products, Inc., by and through undersigned counsel, and for its Local Rule 2015-2A Statement states as follows:

1. Debtor has not filed a prior bankruptcy case.

2. A list of pending litigation to which Debtor is a party is attached hereto as Appendix 1.

3. None of Debtor's property is in the possession of a third party other than deposits made in the ordinary course of business.

4. Debtor's real property leases are listed on Appendix 2 attached hereto.

5. Utilities providing services to Debtor are listed on Appendix 3 attached hereto. Debtor, by and through undersigned counsel, hereby certifies service of the Chapter 11 Petition to each utility listed on Appendix 3.

Respectfully submitted,

MCDOWELL RICE SMITH & BUCHANAN

*/s/ Jonathan A. Margolies*
Jonathan A. Margolies           MO #30770
605 W. 47th Street, Suite 350
Kansas City, Missouri  64112
Telephone:    (816) 753-5400
Facsimile:    (816) 753-9996
email: jmargolies@mcdowellrice.com
ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served, via First Class Mail, postage prepaid, this 17th day of November, 2016, to:

Office of the United States Trustee
3440 Charles Evans Whittaker Courthouse
400 E. Ninth Street
Kansas City, MO   64106

/s/ Jonathan A. Margolies
Attorney for Debtor

# APPENDIX 1

## Pending Litigation

GRISHAM FARM PRODUCTS PENDING LITIGATION

Wilber-Ellis Company v. Grisham Farm Products, Inc.    Wright County Circuit Court Case No. 15WR-CC00026  Breach of Contract; Suit on Account

SEMO Milling, LLC v. Grisham Farm Products, Inc.    Wright County Circuit Court Case No. 15WR-CC00059  Breach of Contract; Suit on Account

Great American Alliance Ins. Co. v. Grisham Farm Products, Inc.  United States District Court For Western District of Missouri, Southern Division, Case No. 6:15-cv-3355-JTM    Breach of Contract, et al

ERV, Inc. d/b/a Complete Recycling v. Grisham Farm Products, Inc.    20th Judicial Circuit, St. Clair, Illinois, Case No. 15-L-665    Breach of Contract

Agricultural Products Extension, LLC v. Grisham Farm Products, Inc., et al    United States District Court for the Western District, Southern Division Case No. 6:16-cv-03013-MDH

Strouse Roll Off, Inc. v. Grisham Farm Products, Inc., et al,    Superior Court of Marion County, Indiana    Case No. 49D02-1506-CC018288

Ralph Vankirk v. Grisham Farm Products, Inc.    Phelps County Missouri Circuit Court Case No, 08PH-CV01725   Personal injury (Defended by insurance company)

Windmill Rice Company, LLC v. Grisham Farm Products, Inc.    Wright County Circuit Court Case No. 16WR-CC00048

Division of Employment Security v. Grisham Farm Products, Inc.  Wright County Circuit Court Case No. 16WR-TJ00024

Quincy Recycle Paper, Inc. v. Grisham Farm Products, Inc.    Adams County, Illinois Circuit Court Case No. 16-LM-123M

Select Milling, LLC v. Grisham Farm Products, Inc.    3rd Judicial District Court, Dodge County, Minnesota (no case number available yet, was just recently served).

# APPENDIX 2

## Real Property Leases

## LEASE AGREEMENT BETWEEN
## 2-G HOLDINGS, LLC AND
## GRISHAM FARM PRODUCTS, INC.

**THIS LEASE AGREEMENT** (the "Lease") is made and effective as of this 2nd day of January, 2013 (the "Effective Date") by and between 2-G Holdings, LLC, a Missouri limited liability company ("Lessor"), and Grisham Farm Products, Inc., a Missouri corporation ("Lessee").

### WITNESSETH:

**WHEREAS,** Lessor is the owner of the real estate more fully described on Exhibit "A" attached hereto, and located along and either side of Newkirk Road, Mountain Grove, Missouri (the "Property"); and

**WHEREAS,** Lessor desires to lease the Property to Lessee for the term and on the conditions set forth herein and Lessee desires to lease the Property from Lessor on the terms and conditions set forth more fully below.

**NOW, THEREFORE,** in consideration of the foregoing recitals, the terms and conditions set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Lessor and Lessee agree as follows:

1. **Lease Term.** The term of this Lease shall be for a period of Five (5) years commencing on the Effective Date and ending on January 1, 2018 (the "Initial Lease Term"). The Initial Lease Term shall automatically renew for successive Five (5) year terms (each a "Renewal Term") on the same terms and conditions set forth herein (subject to Lessor's option to increase the monthly rent payable during each renewal term of this Lease) unless either Lessor or Lessee shall give to the other party hereto written notice not less than ninety (90) days prior to the expiration of the then existing lease term of their intention not to renew this Lease for an additional term.

2. **Rent.** During the Initial Lease Term Lessee shall pay to Lessor as and for rent the sum of ___four thousand___ Dollars ($ _4,000.00_ ) per month payable in advance on the first (1st) day of each of month. At the commencement of each Renewal Term, Lessor may, at its option, increase the monthly rent payable during such Renewal Term by an amount equal to not more than twenty percent (20%) of the monthly rent paid during the then ended Lease Term, provided, however, Lessor has first provided Lessee with notice of Lessor's intention to increase the monthly rent no later than one hundred eighty (180) days prior to the commencement of such Renewal Term.

3. **Premises and Use.** Lessee shall use the Property only for the purpose of operating and maintaining an industrial plant for the processing of food by-products, office facilities related to such business and activities related thereto. Lessee shall not make any different use of the Property without the prior written consent of Lessor.

    **4.**    **Maintenance.** Lessee shall maintain the Property in a clean and good condition free from trash and debris which result from Lessee's use of the Property. Lessee shall not commit, suffer or permit any damage to the Property beyond ordinary wear and tear. Lessee shall be solely responsible for all maintenance and repairs of the Property utilized by Lessee.

    **5.**    **Insurance and Indemnity.**   Lessee shall maintain in full force and effect during the term of this Lease a policy of general liability insurance insuring Lessee and Lessor against liability for any claims injury to person or property as a result of Lessee's use of the Property set forth herein with limits of coverage of not less than such One Million Dollars ($1,000,000) per occurrence and Five Million Dollars ($5,000,000) in the aggregate. Lessor shall maintain in full force and effect during the term of this Lease a policy of fire and casualty loss insurance, with extended coverage, insuring the Property against loss or damage for the full replacement cost of the Property. In the event of any casualty loss to the Property during the term of this Lease, Lessor shall promptly repair and replace the Property to the condition the same existed prior to the occurrence of such loss. In the event any portion of the Property cannot be used by Lessee as a result of any casualty loss, the rent provided for herein shall abate until such time as the Property are fully repaired and restored.

    Lessee shall indemnify and hold Lessor harmless from any and all demands, liabilities, claims, and causes of action (including attorney fees incurred in the defense thereof) arising from Lessee's acts or omissions in Lessee's use of the Property.

    **6.**    **Covenant of Quiet Enjoyment.**    Lessor covenants that during the term of this Lease and any renewal thereof, and for so long as Lessee performs the terms of this Lease required to be performed by Lessee, neither Lessor nor any of its agents, representatives, employees or any person claiming under or through Lessor shall disturb Lessee's use and enjoyment of the Property.

    **7.**    **Alterations to Property.**    Lessee agrees that during the term of this Lease, Lessee shall not make any alterations of a permanent nature to any portion of the Property without the prior written consent of Lessor in each instance. Any alterations or additions made to the Property by Lessee shall remain the property of Lessee and may be removed from the Property by Lessee provided that Lessee shall repair any damage to the Property resulting from such removal.

    **8.**    **Surrender of Property.**    Upon the expiration or earlier termination of this Lease, Lessee shall surrender the Property in as good condition as the same existed at the inception of this Lease, ordinary wear and tear excepted; provided, however, Lessee shall not be responsible for any damage to the Property which was not caused by Lessee, its employees or students.

    **9.**    **Default.**    In the event Lessee shall fail to pay any rent within ten days following the date on which the same is due, or shall fail to perform any other obligation

to be performed by Lessee under the terms set forth herein within thirty (30) days following receipt of written notice from Lessor of default thereof (or, in the event such default cannot be cured within such 30 days, Lessee fails to undertake and diligently pursue performance of such obligation), then Lessee shall be in default in the performance of this Lease, in which event Lessor may pursue any remedy available at law, including, but not limited to the termination of this Lease and the removal of Lessee from possession of the Property.

10. **Miscellaneous.** Lessor and Lessee acknowledge that the terms set forth herein constitute the complete and entire agreement between them concerning the lease of the Property and no other representation, warranty, agreements or inducements have been made by or between them other than as set forth herein. Any notice required or permitted to be given under this Lease shall be in writing and shall be deemed effectively given on the third business day following the deposit of the same in the United States Mail, first class, postage prepaid, or on the next business day following deposit with a nationally recognized overnight courier service, or on the same business day as the same is transmitted by facsimile with written confirmation of receipt or personally delivered, to the other party hereto at their respective address set forth below their signature to this Lease. In the event of any litigation arising from or pertaining to this Lease, the prevailing party shall be entitled to an award of its attorney fees and cost and expense of litigation from the non-prevailing party.

**IN WITNESS WHEREOF,** Lessor and Lessee have set their hands by and through their undersigned authorized representatives as of the date first above stated.

LESSOR:    2-G HOLDING, LLC, a Missouri limited liability company

By: _____
Lexie Grisham, Managing Member

LESSEE:    GRISHAM FARM PRODUCTS, INC., a Missouri corporation

By: _____
Lexie Grisham, President

# APPENDIX 3

## Utilities

5630411-1

## Utilities

Se Ma No Electric
601 N. Business 60
Mansfield, Mo 65704

Hoxie Water Works
P.O. Box 28
Hoxie, AR 72433

Laclede Electric Coop
P.O. Box M
Lebanon, MO 65536

City of Mountain Grove
P.O. Box 351
Mountain Grove, MO 65711

City of Norwood
P.O. Box 37
Norwood, MO 65717

West Plains Propane
508 Lincoln Avenue
West Plains, MO 65775

Century Link
P.O. Box 4300
Carol Stream, Il 60197

Verizon Wireless
P.O. Box 25505
Lehigh Valley, PA 18002

5630411-1

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: | ) |
| | ) |
| GRISHAM FARM PRODUCTS, INC., | ) Case No: 16-61149 |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) |

## DEBTOR'S AMENDED LOCAL RULE 2015-2B OPERATING STATEMENT

COMES NOW Debtor Grisham Farm Products., by and through undersigned counsel, and for its Local Rule 2015-2B Operating Statement for the initial 30 days following the filing of the Petition, states as follows:

1. Estimated gross revenue: $1,445,440.00

2. Estimated weekly payroll to employees: $270,116.00

3. Estimated operating expenses excluding employee payroll: $1,093,750.00

4. Expected gain/loss: $81,574.00

        Respectfully submitted,

        MCDOWELL RICE SMITH & BUCHANAN

        */s/ Jonathan A. Margolies*
        Jonathan A. Margolies        MO #30770
        605 W. 47th Street, Suite 350
        Kansas City, Missouri 64112
        Telephone: (816) 753-5400
        Facsimile: (816) 753-9996
        email: jmargolies@mcdowellrice.com
        ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing has been served, via First Class Mail, postage prepaid, this 17th day of November, 2016, to:

Office of the United States Trustee
3440 Charles Evans Whittaker Courthouse
400 E. Ninth Street
Kansas City, MO   64106

                                            /s/ Jonathan A. Margolies
                                            Attorney for Debtor

5630451-1